

**CSC**

**EXHIBIT B**

# Notice of Service of Process

CQW / ALL
Transmittal Number: 16905896
Date Processed: 07/20/2017

| | |
|---|---|
| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Wilmington, DE 19808 |
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number 2013649 |
| Entity Served: | Wells Fargo Bank, N.A. |
| Title of Action: | Anthony D. Phillips vs. Wells Fargo Bank, N.A. |
| Document(s) Type: | Notice and Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Chesterfield City Circuit Court, Virginia |
| Case/Reference No: | CL17-1892 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 07/20/2017 |
| Answer or Appearance Due: | 07/25/2017 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Palmer E. Hurst<br>757-480-0060 |
| Client Requested Information: | Matter Management User Groups: [Service of Process] |

**Notes:** Notice of Hearing / Complaint and Request for Preliminary Injunction

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESTERFIELD

| | |
|---|---|
| Anthony D. Phillips ) | |
| and ) | |
| Rebecca E. Phillips ) | |
| ) | |
| *Plaintifs,,* ) | NOTICE |
| ) | |
| v. ) | Case Number: CL17-1892 |
| ) | |
| Wells Fargo Bank, N.A. ) | |
| and ) | |
| Samuel I. White P.C. ) | |
| *Defendants.* | |

## NOTICE OF HEARING

Please take notice that a hearing has been scheduled for July 25, 2017 at 9:00 a.m. to hear the previously filed request for Preliminary Injunction.

Respectfully,

_/s/ Palmer E. Hurst_
Palmer E. Hurst VSB# 90804
Heath J. Thompson VSB #66748
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
(757) 480-0060 (P)
(757) 257-0088 (F)
Palmer@heaththompson.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of July 2017 I caused the foregoing Notice of Hearing to be served via personal service on:

Wells Fargo Bank, N.A.
R/A Corporation Service Company
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

and

Samuel I. White P.C.
R/A William Adam White
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Palmer E. Hurst, VSB# 90804
Heath J. Thompson, VSB# 66748
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (O)
757-257-0088 (F)
Palmer@heaththompson.com

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESTERFIELD

| | |
|---|---|
| Anthony D. Phillips<br>11865 Winterpock Road<br>Chesterfield, VA 23838<br><br>and<br><br>Rebecca E. Phillips<br>11865 Winterpock Road<br>Chesterfield, VA 23838<br><br>　　　　　　*Plaintiffs,*<br><br>v.<br><br>Wells Fargo Bank, N.A.<br>R/A Corporation Service Company<br>Bank of America Center, 16th Floor<br>1111 E. Main Street<br>Richmond, VA 23219<br><br>and<br><br>Samuel I. White P.C.<br>R/A William Adam White<br>5040 Corporate Woods Drive, Suite 120<br>Virginia Beach, VA 23462<br><br>　　　　　　*Defendants.* | COMPLAINT<br><br><br><br>Case No: CL17001892-00 |

**Complaint and Request for Preliminary Injunction**

To the Honorable Judge of Said Court:

　　Pursuant to Virginia Law, Plaintiffs, Anthony D. Phillips ("Mr. Phillips") and Rebecca E. Phillips ("Mrs. Phillips") file this Complaint, and state upon information and beliefs as follows:

**I. Parties**

1. Plaintiffs are natural persons who reside in the Commonwealth of Virginia at 11865 Winterpock Road ("the property") in the city of Chesterfield, Virginia.

2. Wells Fargo Bank, N.A. ("Wells Fargo"), is a for profit business entity doing business in the Commonwealth of Virginia.

3. Samuel I. White P.C ("Substitute Trustee"), as substitute trustee, is a for profit business entity doing business in the Commonwealth of Virginia.

**II. Facts**

4. Plaintiff owns a tract of land in the City of Chesterfield which is described as follows:

   Containing 27.0+/- acres, as shown on survey, recorded with
   corrected deed of gift recorded in Book 7115, page 0296, with
   improvements thereon.

5. Plaintiffs entered into a mortgage loan contract ("the loan") in May of 2006 in which the Plaintiffs were the borrowers. The loan was evidenced by a note ("the Note") and secured by a deed of trust ("the Deed of Trust"), both of which were valid contracts signed by the Plaintiffs.

6. The deed of trust sets forth the following:

   *"This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law."*

7. The deed of trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

8. The Plaintiffs fell behind in 2012, after reaching out to Wells Fargo to inquire about their loss mitigation options.

9. The Plaintiffs were not behind on the mortgage at that time, but wanted to possibly obtain a lower payment and interest rate.

10. Since the Plaintiffs were current at that time, a representative from Wells Fargo informed them that they could only apply for a loan modification or loss mitigation options if they were behind on their monthly payments.

11. The representative informed Mrs. Phillips that once they were behind on payments, a loan modification would be available to them.

12. Shortly after falling behind, the Plaintiffs began submitting paperwork to Wells Fargo to be reviewed for their loss mitigation options.

13. After a few months of being in review with Wells Fargo, the Plaintiffs reached out to NACA, Neighborhood Assistance Corporation of America to assist them with the review.

14. NACA worked on the Plaintiffs behalf for about 9 months, until Wells Fargo denied the loan modification package.

15. Despite the fact that Wells Fargo failed to inform the Plaintiffs, over the phone or in writing, of all loss mitigation options available to them.

16. In June of 2013, Mr. Phillips filed for bankruptcy to postpone a pending foreclosure sale that was scheduled after his loan modification package was denied.

17. During the course of the bankruptcy, payments were made from Mr. Phillips to Wells Fargo over the course of several years.

18. Due to a high bankruptcy payment, the Plaintiffs had difficulty maintaining the payments directed for the mortgage.

19. However, Mrs. Phillips would make payments when she was able to.

20. Mr. Phillips is now making arrangements to dismiss his bankruptcy case and is willing and able to begin making regular monthly mortgage payments again.

21. Recently, the Plaintiffs hired Heath J. Thompson P.C. ("HJTPC") to assist them with their upcoming foreclosure sale.

22. On July 13, 2017 a representative from Wells Fargo, "Thomas" informed HJTPC that the Plaintiffs could not be submitted for a loan modification review due to the pending auction and a package had to be submitted 38 days before the auction date.

23. The Plaintiffs did not receive notice of the auction until June 27, 2017, which is less than 38 days before their scheduled auction date.

24. Despite this, Wells Fargo has not postponed the upcoming foreclosure auction, scheduled for July 27, 2017.

25. As of the filing of this suit, the defendant Substitute Trustee intends to sell Plaintiff's property at auction on July 27, 2017 at 8:30 a.m.

Plaintiff alleges:

### III. Violation of Regulation X

Incorporating Paragraphs 1-25:

26. Wells Fargo has violated the Real Estate Settlement Procedures Act (RESPA) Regulation X also known as 12 CFR 1024.

27. 12 CFR 1024 requires that a loan servicer provide a delinquent borrower a written notice about loss mitigation which must be dispatched to the borrower's primary residence. In addition, this notice must be clear and conspicuous listing the loss mitigation options available and inform the borrower of their designated point of contact.

28. Wells Fargo did not dispatch any of the required written notices to Plaintiffs within 45 days of their delinquency.

29. 12 CFR 1024 ("Regulation X") requires a servicer to cease foreclosure activity on a loan when a loss mitigation application is received by the servicer more than thirty-seven (37) days prior to a scheduled foreclosure sale.

30. Plaintiffs received notice of the foreclosure sale on June 27, 30 days before the scheduled sale. Wells Fargo's negligence made it impossible for Plaintiffs to submit a full and complete loan modification application 38 days before the auction date.

31. Wells Fargo has placed and now maintains a foreclosure sale date of July 27, 2017, despite the fact that the Plaintiffs could not have submitted a loan modification within the 38 days necessary to stop the foreclosure sale because they received notice of the sale only 30 days before the scheduled date.

32. Plaintiffs have been damaged by Wells Fargo's violation of the CFPB guidelines to the point at which they will lose the home due to Wells Fargo's negligence.

### IV. The Defendant's Actions Constitute a Breach of the Duty of Good Faith and Fair Dealing as Provided in the Deed of Trust and Note

Incorporating Paragraphs 1-32:

33. The Note and Deed of Trust are valid binding, contracts.

34. Wells Fargo has a duty to exercise its rights under the Deed of Trust and Promissory Note in good faith.

35. Every contract imposes an obligation of good faith in its performance and enforcement.

36. Wells Fargo breached this duty by falsely informing the Plaintiffs that they had to be delinquent on their mortgage to qualify for a loan modification.

37. Additionally, Wells Fargo breached their duty of good faith by failing to service the loan in accordance with the Consumer Financial Protection Bureau's regulations, effectively making it impossible for Plaintiff to exercise their loss mitigation options.

### V. Preliminary Injunction

Incorporating Paragraphs 1-37:

38. A Preliminary Injunction in Virginia requires two elements be met. The first requirement is a showing of lack of an adequate legal remedy. The second element is a balance of hardships between the parties involved.

39. The "balancing the hardships" of the parties is divided into four factors:
    a. likelihood of irreparable harm to the plaintiff if the preliminary injection is not granted
    b. the likelihood of harm to the defendant if the preliminary injunction is granted;
    c. the likelihood the plaintiff will succeed on the merits; and
    d. the public interest.

40. There is no legal remedy available to the Plaintiffs besides an injunction. A preliminary injunction would preserve the status quo until the complaint can be reviewed and the matter adjudicated, there is no other remedy at law to stop or postpone the foreclosure activity.

41. Based on the "balancing the hardships" factors, the Plaintiffs are entitled to an Injunction to stop the scheduled foreclosure sale of their home.

42. The likelihood of irreparable harm to the Plaintiffs is exponentially grave in comparison to the minor harm to the Defendants as the Plaintiffs will immediately lose their home to an improperly scheduled foreclosure sale.

43. Any harm to the Defendants would be minor as it would only consist of the costs of having to re-advertise the sale. However, this harm would be transferred to the Plaintiffs as the Deed of Trust allows for Wells to charge Plaintiffs' account for any foreclosure costs and fees.

44. Plaintiffs are likely to succeed on the merits of this case as the Defendants clearly and blatantly violated the obligations and duties imposed upon them as a loan servicer and substitute trustee.

45. Finally, the actions taken by Wells Fargo and Substitute Trustee are in violation of public policy, undermine government efforts to improve the economy during the current fiscal crisis, and directly results in harm to the public good. Granting the injunction would, therefore, not adversely affect the public interest.

WHEREFORE, your Plaintiff prays that the Court ENJOIN and RESTRAIN Defendants and each of them, their servants, agents, employees or other parties acting on their behalf from instituting foreclosure proceedings on the instant property until such time as this Complaint may be adjudicated. Any foreclosure action taken by Defendant Bank should be deemed non-enforceable. Plaintiff also requests compensatory damages against Wells Fargo Bank, N.A. in the amount of TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($25,000.00).

Respectfully Submitted,
**Anthony D. Phillips**
**Rebecca E. Phillips**

Of Counsel:

Palmer E. Hurst, VSB #90804
Heath J. Thompson VSB#66748
Counsel for Plaintiff
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (o)
757-257-0088 (f)
palmer@heaththompson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2017, I caused the foregoing Complaint to be served via personal service and Sheriff's Service on:

Wells Fargo Bank, N.A.
R/A Corporation Service Company
Bank of America Center, 16th Floor
1111 E. Main Street
Richmond, VA 23219

and

Samuel I. White P.C.
R/A William Adam White
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Palmer E. Hurst, VSB #90804
Heath J. Thompson, VSB# 66748
Heath J. Thompson, P.C.
4224 Holland Road Suite 108
Virginia Beach, VA 23452
757-480-0060 (O)
757-257-0088 (F)
jeana@heaththompson.com