IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

_____

| | |
|---|---|
| ANTHONY D. PHILLIPS and | ) |
| REBECCA E. PHILLIPS, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )          Civil Action No. 3:17-cv-00519-JAG |
| | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| and SAMUEL I. WHITE, P.C., | ) |
| Defendants. | ) |

_____

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**

Legal Standard for Preliminary Injunction

To obtain a preliminary injunction, the movant must establish "1) that he is likely to succeed on the merits, 2) that he is likely to suffer irreparable harm in the absence of preliminary relief, 3) that the balance of equities tips in his favor, and 4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.* 129 S. Ct. 374 (2008). The Plaintiffs satisfy all four requirements in this case.

### I. Background

The Plaintiffs initially contacted Wells Fargo regarding the possibility of receiving a lower interest rate and payment on their mortgage in 2012. They were falsely informed that they needed to be behind on payments in order to be considered for a loan modification. The Plaintiffs soon fell behind on their payments and shortly after, began to submit documents for a loan modification. After several months of working with Wells Fargo and the Neighborhood

Assistance Corporation of America, the Plaintiffs were denied a loan modification. The Plaintiffs soon entered bankruptcy in an attempt to postpone their scheduled foreclosure sale. The Plaintiffs are willing to begin making monthly mortgage payments and are taking steps to dismiss the bankruptcy case. When submitted for a new loan modification, Wells Fargo informed Plaintiffs' counsel that the pending foreclosure sale could not be cancelled due to the loan modification package being submitted less than 38 days prior to the sale date. However, the Plaintiffs did not receive notice of the foreclosure sale until June 27, 2017, less than 38 days before the scheduled sale date of July 27, 2017. It was impossible for the Plaintiffs to have complied with this requirement.

II. The Plaintiffs satisfy all four factors for a preliminary injunction

The Plaintiffs are likely to succeed on the merits of their claim based on the nature of the claim and the multiple violations of 12 CFR 1024, also known as the Real Estate Settlement Procedures Act (RESPA). This regulation requires loan servicers, in this case Wells Fargo, to provide written notice to the borrower of any and all loss mitigation options available to them. The regulation also requires a loan servicer to cease foreclosure activity on a property if a full and complete loss mitigation package is received more than 37 days before the foreclosure sale date. Here, the Plaintiffs received notice of the sale date only 30 days before the foreclosure sale. Wells Fargo made it impossible for the Plaintiffs to submit a loan modification more than 37 days prior to the sale of their property.

Additionally, the Plaintiffs will be irreparably harmed if injunctive relief is not granted, as the sale of the property will go forward and the Plaintiffs will lose their family home permanently. The Plaintiffs have lived in the property for several years, and are attempting to find any and all options that will allow them to keep their home. If this Court does not grant

injunctive relief, the Plaintiffs will be forced out of their home permanently. The foreclosure sale is currently scheduled for July 27, 2017 at 8:30am.

Third, the balance of equities clearly lies in the Plaintiffs' favor. The Plaintiffs are at risk of losing their home permanently. The Defendants, however, will lose nothing more than the cost of advertising the sale again should it be rescheduled. Even so, any costs associated with the sale will be transferred to the Plaintiff should the Deed of Trust be renegotiated successfully. Therefore, the Defendants are at risk of losing nothing while the Plaintiffs are at risk of losing one of the most important and significant assets they own; their family home.

Finally, the public interest falls on the side of the Plaintiffs in this case. The Defendants improperly serviced the Plaintiffs' loan, in violation of 12 CFR 1024. To allow the Defendants to proceed with the foreclosure sale in light of these violations would be strongly against the public interest. Loan servicers and substitute trustees should not be allowed to run roughshod over borrowers, in violation of federal regulations, when it suits their business interests.

THEREFORE, it is respectfully requested that this Court enter injunctive relief on behalf of the Plaintiffs against the Defendants, enjoining all the Defendants and their agents from proceeding with the foreclosure sale of the Plaintiffs' property at 11865 Winterpock Road, Chesterfield, Virginia 23838 currently scheduled for July 27, 2017 at 8:30am. Opposing counsel has been notified by phone and email of the Plaintiffs' motion.

ANTHONY D. PHILLIPS
and REBECCA E. PHILLIPS, by counsel

/s/Palmer E. Hurst
_____
Palmer E. Hurst VSB#90804
Heath J. Thompson, P.C.
4224 Holland Rd, Suite 108

Virginia Beach, Virginia 23452
757-480-0060 (o)
757-257-0088 (f)
palmer@heaththompson.com
*Counsel for Plaintiffs, Anthony and Rebecca Phillips*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2017, a true copy of the foregoing is being electronically filed with the Clerk of Court using the CM/ECF system, and a copy was mailed by U.S. mail to:


Benjamin A. Wills, Esq. VSB#88109
Bawills@kaufcan.com
Terry C. Frank, Esq. VSB#88109
tcfrank@kaufcan.com
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, Virginia 23219
804-771-5700 (o)
888-360-9092 (f)

Hunter W. Sims, Jr., Esq. VSB#09218
hwsims@kaufcan.com
Christy L. Murphy, Esq. VSB#73253
clmurphy@kaufcan.com
Kaufman & Canoles, P.C.
1021 E. Cary Street, 14th Floor
Richmond, Virginia 23219
804-771-5700 (o)
888-360-9092 (f)
*Counsel for Defendants*

/s/Palmer E. Hurst
_____
Palmer E. Hurst VSB#90804
Heath J. Thompson, P.C.
4224 Holland Rd, Suite 108
Virginia Beach, Virginia 23452
757-480-0060 (o)
757-257-0088 (f)
palmer@heaththompson.com
*Counsel for Plaintiffs, Anthony and Rebecca Phillips*