IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY D. PHILLIPS
and REBECCA E. PHILLIPS,
      Plaintiffs,

v.                                                   Civil Action No. 3:17-cv-00519-JAG

WELLS FARGO BANK, N.A.,
and SAMUEL I. WHITE, P.C.,
      Defendants.

## OPINION

The plaintiffs, Anthony D. Phillips and Rebecca E. Phillips, entered into a mortgage loan contract with defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Phillips fell behind on their payments and Wells Fargo denied their loss mitigation application, resulting in a foreclosure sale of their home.

The Phillips sued Wells Fargo and substitute trustee Samuel I. White, P.C. ("SIWPC") for violating Regulation X of the Real Estate Settlement Procedures Act ("RESPA") and breaching the duty of good faith and fair dealing. The defendants moved to dismiss. The Phillips' RESPA claim fails because they could not avail themselves of the RESPA loss mitigation requirements more than once. The Phillips adequately allege a breach of the duty of good faith and fair dealing embodied in their mortgage contract against Wells Fargo. They fail to plead allegations against SIWPC, but the Court will grant leave to amend as to this defendant.

## I. BACKGROUND

In 2006, with Wells Fargo as their lender, the Phillips bought a home on Winterpock Road in Chesterfield County. In 2012, the Phillips reached out to Wells Fargo to ask about loan modification or loss mitigation options. A representative from Wells Fargo told the Phillips that

they could only apply for these options if they were behind on their monthly payments. Accordingly, the Phillips fell behind on their payments, and then applied for loss mitigation. Wells Fargo denied their application. In 2013, Mr. Phillips filed for bankruptcy to postpone the foreclosure sale scheduled after Wells Fargo denied their loan modification. During the course of the bankruptcy proceedings, the Phillips continued to make occasional payments to Wells Fargo as they could.

On June 27, 2017, the Phillips received notice of a foreclosure sale scheduled for July 27, 2017. On July 13, 2017, a Wells Fargo representative told the Phillips' attorney that they could not submit an application for a loan modification because of the pending foreclosure proceeding, and because borrowers must submit a loss mitigation package 38 days before the auction date. The Phillips moved for a preliminary injunction or temporary restraining order to prevent the foreclosure sale. (Dk. No. 5.) The Court denied the motion on July 26, 2017. (Dk. No. 9.)

## II. DISCUSSION[1]

The Phillips allege two counts in their complaint: (I) violation of RESPA Regulation X; and (II) breach of the duty of good faith and fair dealing. The defendants have moved to dismiss both counts.

---

[1] The defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The complaint does not contain any allegations as to defendant SIWPC, except to explain that SIWPC is the substitute trustee that intended to sell the Phillips' property at auction on July 27, 2017. As such, the Court dismisses SIWPC for failure to state a claim against this defendant. *See Soblotne v. Ditech Fin. LLC*, No. 2:16-cv-556, 2016 WL 9412464, at *2–3 (E.D. Va. Nov. 8, 2016) (dismissing substitute trustee because the sole allegation stated the trustee would conduct a foreclosure sale on a certain date). The remaining discussion pertains to defendant Wells Fargo.

## *A. RESPA Claim*

The complaint does not cite to specific sections of RESPA, but it appears to allege that Wells Fargo violated RESPA's requirement that a loan servicer evaluate a borrower's complete loss mitigation application if received more than 37 days before a foreclosure sale.[2] 12 C.F.R. § 1024.41(c)(1). This claim fails.

RESPA requires servicers to give borrowers an opportunity to submit a loss mitigation application before pursuing foreclosure, and outlines certain procedures that servicers must follow concerning an application. 12 C.F.R. § 1024.41. A servicer must comply with these loss mitigation provisions only for a single, complete loss mitigation application on a given loan.[3] 12 C.F.R. § 1024.41(i) (amended Oct. 19, 2017). Therefore, § 1024.41(i) prevents borrowers from

---

[2] The complaint also mentions the provision that required servicers at the time to provide borrowers with written notice of delinquency, including loss mitigation options, within 45 days of delinquency. 12 C.F.R. § 1024.39(b). Unlike § 1024.41, § 1024.39 does not create a private cause of action. *Brown v. Bank of N.Y. Mellon*, No. 1:16-cv-194, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016). Moreover, the Phillips were well past 45 days delinquent in summer 2017.

[3] The Court notes that 12 C.F.R. § 1024.41 was amended, effective October 19, 2017, to require servicers to comply with the loss mitigation rules for borrowers who previously completed an application, but only if they became current in the period following their first application. Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,369 (Oct. 19, 2016). No facts indicate that the Phillips became current on their loan after their first application, and the amended provision did not apply to any application they wished to submit prior to foreclosure on July 27, 2017.

3

bringing actions for violations of loss mitigation rules if they have already availed themselves of the loss mitigation process once. *Magnum v. First Reliance Bank*, No. 4:16-cv-2214, 2017 WL 1062534, at *2–3 (D.S.C. Mar. 21, 2017); *see also Trionfo v. Bank of Am., N.A.*, No. JFM-15-925, 2015 WL 5165415, at *4 (D. Md. Sept. 2, 2015), *appeal dismissed*, No. 15-2068 (4th Cir. Jul. 5, 2016) (observing that the statute applies only to first-time applicants).

After falling behind on their loan in 2012, the Phillips submitted a loss mitigation package to Wells Fargo. Wells Fargo denied the application on May 6, 2013, explaining that the Phillips did not qualify for loss mitigation.[4] Wells Fargo also considered the Phillips' appeal of that denial, finding on June 6, 2013 that the Phillips remained ineligible. These actions indicate that Wells Fargo regarded their 2013 submission as a complete application. *Lindsay v. Rushmore Loan Mgmt., Servs., LLC*, No. PWG-15-1031, 2017 WL 1230822, at *4 (D. Md. Apr. 4, 2017).

At all relevant times, RESPA required Wells Fargo to comply with its loss mitigation procedural requirements only once over the life of the Phillips' loan. The Phillips completed a loss mitigation application in 2013, so they cannot allege that Wells Fargo must have adhered to the RESPA loss mitigation rules again in 2017.[5] Specifically, RESPA did not require Wells Fargo to notify the Phillips of their pending foreclosure 38 days before the sale so that they could submit a second application. Thus, the Phillips fail to state a claim under RESPA.

---

[4] The Court may consider the denial letters because the defendants attached them to their motion to dismiss, the letters are integral to the claims in the complaint, and the Phillips do not dispute their authenticity. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

[5] The Phillips argue that their loan was no longer delinquent when they filed for bankruptcy, thus somehow resetting the Regulation X requirements. No law supports this proposition. In any event, during the relevant period, Regulation X required a servicer to comply with the loss mitigation provisions only once for a single loan account, so resetting could not have occurred. 12 C.F.R. § 1024.41(i).

## B. Breach of the Duty of Good Faith and Fair Dealing

To plead a claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must show (1) the parties had a contractual relationship, and (2) the defendant breached the implied covenant. *SunTrust Mortg., Inc. v. Mortgs. Unlimited, Inc.*, No. 3:11-cv-861, 2012 WL 1942056, at *3 (E.D. Va. May 29, 2012). Every contract under Virginia law contains an implied covenant of good faith and fair dealing. *Id.* (citing *Va. Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 541–42 (4th Cir. 1998)). This implied covenant, though difficult to define, prohibits a party from acting arbitrarily, unreasonably, or in bad faith. *Id.* It also prohibits one party from acting in a way that would prevent the other party from performing its contractual obligations. *Id.* (citing Restatement (Second) of Torts § 205 cmt. a). Breach of the duty of good faith and fair dealing is not an independent tort, but an alleged breach of the duty can support a breach of contract claim. *Jackson v. Ocwen Loan Servicing, LLC*, No. 3:15-cv-238, 2016 WL 1337263, at *12 (E.D. Va. Mar. 31, 2016).

The Phillips adequately allege a breach of the duty of good faith and fair dealing embodied in the note and deed of trust underlying their mortgage loan.[6] The Phillips satisfy the first element because a deed of trust is a contract under Virginia law. *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 200 (Va. 2012). Courts may view deeds of trust and notes together as representing the parties' complete agreement. *Va. Hous. Dev. Auth. v. Fox Run Ltd. P'ship*, 497 S.E.2d 747, 752–53 (Va. 1998).

The Phillips satisfy the second element, a breach of the implied covenant of good faith and fair dealing, because they claim that Wells Fargo falsely informed them that they had to be

---

[6] To the extent the Phillips attempt to plead a breach of the duty of good faith and fair dealing for Wells Fargo's alleged failure to comply with RESPA loss mitigation procedures, this claim fails. *Jackson*, 2016 WL 1337263, at *12. Such a breach cannot stand as a separate tort cause of action. *Id.*

delinquent to qualify for a loan modification. *Bourdelais v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-670, 2012 WL 5404084, at *4-5 (E.D. Va. Nov. 5, 2012); *see also Acuna v. Chase Home Fin., LLC*, No. 3:10-cv-905, 2011 WL 1883089, at *6 (E.D. Va. May 17, 2011) (finding that the plaintiff pled a breach in part because he alleged his lender told him his chances of a modification would improve if he defaulted). If true, Wells Fargo acted unreasonably and in bad faith. *Bourdelais*, 2012 WL 5404084, at *6. Moreover, if Wells Fargo induced the Phillips to miss payments when they were current on their loan, Wells Fargo acted in such a way as to prevent the Phillips from performing their contractual obligations under the deed and note. *Id.*

For these reasons, the Phillips state a claim for a breach of the duty of good faith and fair dealing against Wells Fargo under their contractual loan documents.[7]

## III. CONCLUSION

The Phillips do not plead allegations against SIWPC, so the Court grants the motion to dismiss as to SIWPC without prejudice. The complaint also fails to state a claim under RESPA, as the Phillips had already completed the loss mitigation process and Wells Fargo did not need to comply with the procedural requirements a second time. The Court grants the motion to dismiss as to this claim with prejudice.

The Phillips state a claim for a breach of the duty of good faith and fair dealing based on their deed of trust and note with Wells Fargo. The Court therefore denies the motion to dismiss as to the contract-based claim.

---

[7] The information in the complaint is insufficient for the Court to conclude that this breach of contract claim is barred by the 5-year statute of limitations. Va. Code Ann. § 8.01-246(2). The complaint indicates that the Phillips fell behind on their payments after contacting Wells Fargo in 2012, and their opposition brief states that Wells Fargo advised them to fall behind on payments in early fall of 2012. Since the complaint does not "conclusively foreclose a finding that the action is not time barred," the Court cannot rule in Wells Fargo's favor on its statute of limitations defense. *Healey v. Abadie*, 143 F. Supp. 3d 397, 403 (E.D. Va. 2015).

Additionally, the Court denies as moot the defendants' motion for leave to file supplemental briefing.

Finally, the Phillips recently moved to amend their complaint. The Court grants that motion, and directs the Phillips to file the amended complaint appropriately on the CM/ECF docket.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: February /, 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge