IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY D. PHILLIPS and
REBECCA E. PHILLIPS,
          Plaintiffs,

v.                                 Civil Action No. 3:17-cv-00519-JAG

WELLS FARGO BANK, N.A., and
U.S. BANK NATIONAL ASSOCIATION,
TRUSTEE FOR JP MORGAN MORTGAGE
ACQUISITION TRUST 2006-WFI,
          Defendants.

## OPINION

The plaintiffs, Anthony D. Phillips and Rebecca E. Phillips (collectively, "the Phillips"), obtained a mortgage loan from defendant Wells Fargo Bank, N.A. ("Wells Fargo"). They fell behind on their payments, and Wells Fargo denied their loss mitigation application, resulting in a foreclosure sale of their home.

In their amended complaint, the Phillips sued Wells Fargo and U.S. Bank National Association, Trustee for JP Morgan Mortgage Acquisition Trust 2006-WFI ("U.S. Bank"), for fraud, breach of the duty of good faith and fair dealing, and breach of the deed of trust's cure notice requirement. The defendants moved to dismiss the fraud and cure notice counts.[1]

The Phillips have adequately plead actual and constructive fraud, so the Court denies the motion to dismiss Counts One and Two. The Phillips, however, fail to state a claim for a breach of the deed of trust's cure notice requirement. The Court, therefore, grants the motion to dismiss Count Four.

---

[1] The Court previously determined that the Phillips breach of the duty of good faith and fair dealing count could proceed, as it stems from their contractual loan documents. (Dk. No. 25.)

## I. BACKGROUND

In 2006, with Wells Fargo as their lender, the Phillips bought a home on Winterpock Road in Chesterfield County. In July 2012, Rebecca Phillips reached out to Wells Fargo to ask about loan modification or loss mitigation options, including under the Home Affordability Modification Program ("HAMP"). A representative from Wells Fargo told Rebecca that she and Anthony "could not be considered for a HAMP loan modification (and could not be considered for a loan modification) unless they fell at least three months in arrears." (Dk. No. 28, at ¶ 9.) This statement contradicted HAMP guidelines, which state that borrowers in imminent danger of default may qualify for loan modifications. Relying on the representative's statement, the Phillips fell behind on their payments beginning in August 2012.

The Phillips applied for a loan modification in October 2012. Wells Fargo indicated that they should not make payments while it considered their application, so they did not pay from November 2012 to April 2013. The deed of trust required Wells Fargo to send a cure notice indicating the action required to cure a default before accelerating the amount owed under the note. In April 2017, Wells Fargo provided the Phillips with a cure notice dated four years earlier, April 5, 2013. The cure notice showed that Wells Fargo had sent the notice by certified mail to the Phillips's address. The Phillips acknowledge that Wells Fargo sent a cure notice specifying that they needed to pay $46,885.64 by May 10, 2013, but allege they did not receive it. Even if they had received it, they argue that Wells Fargo's instructions not to make payments contradicted the contents of the notice.

Wells Fargo denied the loan modification application on May 6, 2013. Wells Fargo then notified the Phillips that it had referred their mortgage for foreclosure on May 14, 2013. On May 16, 2013, Wells Fargo conveyed its rights to U.S. Bank, making U.S. Bank the noteholder and

2

Wells Fargo the servicer of the Phillips's loan. The Phillips appealed the loan modification denial, but U.S. Bank proceeded with the foreclosure process, scheduling a sale for July 27, 2017. The Phillips attempted to enjoin the sale, but this Court denied injunctive relief. On July 27, 2017, U.S. Bank bought the home at the foreclosure sale.

After partially dismissing the original complaint and allowing their breach of the duty of good faith and fair dealing claim to survive, the Court permitted the Phillips to amend their complaint. They added U.S. Bank as a defendant and pled additional counts for fraud and breach of the cure notice requirement in the deed of trust.

The defendants have moved to dismiss Count One for actual fraud against Wells Fargo; Count Two for constructive fraud against Wells Fargo; and Count Four for breach of the cure notice requirement. Both fraud counts concern Wells Fargo's alleged statement to Rebecca that the bank would not consider their HAMP modification application unless they defaulted.

## II. DISCUSSION[2]

### *A. Actual and Constructive Fraud (Against Wells Fargo)*

A complaint for fraud under Virginia law must plausibly allege: "(1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to

---

[2] The defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Research Corp. v. Alqequin*, 439 S.E.2d 387, 390 (Va. 1994) (citations omitted). A claim for constructive fraud contains the same elements except that "the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently." *Id.* These elements must meet the pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Baker v. Elam*, 883 F. Supp. 2d 576, 580 (E.D. Va. 2012) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Wells Fargo first argues that the statute of limitations bars the fraud claims. In Virginia, plaintiffs must bring fraud claims two years from the date the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code Ann. §§ 8.01-243(A); 8.01-249(1). The plaintiff bears the burden of showing that he acted with due diligence but failed to discover the fraud within the statutory period. *Hughes v. Foley*, 128 S.E.2d 261, 263 (Va. 1962). When the Court confronts a statute of limitations argument in a 12(b)(6) motion to dismiss, all facts necessary for the Court to conclude that the statute bars the claims must appear on the face of the complaint. *Healey v. Abadie*, 143 F. Supp. 3d 397, 403 (E.D. Va. 2015).

At this stage, the Court cannot conclude that the statute of limitations bars the fraud claims. The amended complaint does not indicate when the Phillips should have discovered the fraud, and thus does not conclusively show that the action is time barred. *Healey*, 143 F. Supp. 3d at 403; *see also Smith v. Flagstar Bank, F.S.B.*, No. 3:14-cv-741, 2015 WL 1221270, at *4

4

(allowing fraud claims under similar facts to survive a motion to dismiss on statute of limitation grounds). On the spare record before it, the Court cannot resolve the issue of when the Phillips discovered or should have discovered the alleged fraud. *See Carlucci v. Han*, 886 F. Supp. 2d 497, 516 (E.D. Va. 2012); *see also Jones v. Shooshan*, 855 F. Supp. 2d 594, 604 (E.D. Va. 2012) (deeming the plaintiffs' access to public records a factual question). After discovery, and on a more complete evidentiary record, Wells Fargo may raise this issue again. For now, however, the Court denies the motion to dismiss the fraud claims on statute of limitations grounds.

Wells Fargo further argues that it made a statement of *law* regarding HAMP, meaning the Phillips have not pleaded the material fact element for their fraud claims. A misrepresentation of law does not qualify as a misrepresentation of a material fact. *Hicks v. Wynn*, 119 S.E. 133, 136–37 (Va. Ct. App. 1923). Two state court decisions have found that Wells Fargo's statements that borrowers must fall behind on their payments to qualify for HAMP constituted misstatements of law, not fact. (Dk. No. 34, Exhs. D, E.) The amended complaint, however, alleges that Wells Fargo told Rebecca that they "could not be *considered* for a HAMP loan modification (and could not be *considered* for a loan modification) unless they fell at least three months in arrears." (Dk. No. 28, at ¶ 9 (emphasis added).) Wells Fargo thus made a factual statement "about when [Wells Fargo] would consider [the Phillips] for a loan modification," rather than a legal statement "about how [the Phillips] could legally qualify for a loan modification under HAMP." *Smith*, 2015 WL 1221270, at *5. Viewing the facts in the light most favorable to the Phillips, they have pleaded a material fact for their fraud claims.

Next, Wells Fargo mentions that the facts underlying the fraud claims concern contractual obligations and therefore cannot support fraud causes of action. Virginia law prevents plaintiffs from recovering in tort when a contract creates the only duty the defendant

5

owes to the plaintiff. *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007). In this case, the Court cannot say that "no cause of action would exist but for the violation of contractual duties." *Bennett v. Bank of Am., N.A.*, No. 3:12-cv-34, 2012 WL 1354546, at *9 (E.D. Va. Apr. 18, 2012). The loan documents do not address loss mitigation, and do not contain provisions governing the lender's representations to borrowers concerning loan modification applications. *See id.* Because the Phillips have alleged that Wells Fargo violated "the independent duty not to commit fraud," their fraud claims may proceed. *Hazaimeh v. U.S. Bank Nat'l Ass'n*, 94 F. Supp. 3d 741, 748 (E.D. Va. 2015).

Finally, Wells Fargo claims that the amended complaint does not satisfy Rule 9(b) because the Phillips do not specify the exact date of the false statement, the individual who made the statement, or facts to show they would not have defaulted without the statement. But they identify a "Wells Fargo representative" with whom Rebecca spoke, (Dk. No. 28, at ¶ 9), and this satisfies the identity requirement for Rule 9(b). *See, e.g.*, *Smith*, 2015 WL 1221270, at *3. Similarly, the Phillips allege Wells Fargo made the statement in July 2012, which sufficiently places Wells Fargo on notice of the "circumstances for which it will have to prepare a defense." *Evanston Ins. Co. v. Gayatree, Inc.*, No. 2:13-cv-134, 2014 WL 12527693, at * 4 (E.D. Va. Jan. 8, 2014). In terms of damages, the Phillips say that they stopped making payments in August, the month after Wells Fargo made the statement, and allege they would not have stopped making payments if not for the statement. The Court finds the Phillips's "skeletal allegation of damages...sufficient to survive a motion to dismiss." *Matanic v. Wells Fargo Bank, N.A.*, 3:12-cv-472, 2012 WL 4321634, at *6 (E.D. Va. Sept. 19, 2012).

For these reasons, Counts One and Two will proceed against Wells Fargo.[3]

### *B. Breach of Cure Notice Requirement (Against Both Defendants)*

To state a cause of action for breach of contract under Virginia law, a plaintiff must allege (1) the defendant owed the plaintiff a legally enforceable obligation; (2) the defendant violated or breached that obligation; and (3) the breach caused injury or damage to the plaintiff. *Filak v. George,* 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).

Under the mortgage documents, the defendants had a legally enforceable obligation to provide the Phillips at least thirty days' notice of default and notice of the action required to cure the default before accelerating and foreclosing on their property. The Phillips say that they did not receive the requisite cure notice, in breach of the defendants' obligation. The deed of trust, however, deems notices given to the borrowers "when mailed by first class mail *or* when actually delivered." (Dk. No. 34, Exh. B., at ¶ 15 (emphasis added).) The Phillips concede in the amended complaint and in their opposition brief that "the lender sent a cure notice." (Dk. No. 35, at 3; *see also* Dk. No. 28, at ¶ 49 (indicating they did not receive the cure notice "as sent").) Because the deed of trust deems notices effective upon mailing, and the Phillips admit that the bank sent the cure notice, they have not alleged a breach.

The Phillips also contend that Wells Fargo's statements advising them not to make payments contradict the cure notice and thus constitute a breach, but this argument finds no

---

[3] The defendants also argue that the Court should dismiss any claims for punitive damages and attorney's fees. While these arguments may have merit, the Court declines to determine which categories of damages the Phillips may prove at this stage of litigation, especially since the Court denies the defendants' motion to dismiss the fraud claims.

support in the law.[4] The Court will therefore dismiss Count Four because the Phillips fail to plead a breach.

### III. CONCLUSION

The Phillips sufficiently plead actual fraud and constructive fraud, but they fail to allege a breach of the deed of trust's cure notice requirement in their amended complaint. Thus, the Court denies the defendants' motion to dismiss as to Counts One and Two, but grants the motion as to Count Four.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: April 25, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] Additionally, the Phillips may not add a claim for a breach of the duty of good faith and fair dealing based on Wells Fargo's alleged instructions not to make payments by attempting to plead these facts in their opposition brief. *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n. 9 (E.D. Va. 2004) (noting that a plaintiff may not amend a complaint through an opposition to a motion to dismiss).